UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MICHAEL W. SOULE and LINDA L.
SOULE,

       Plaintiffs,

         v.                               CAUSE NO. 1:26-CV-151-PPS-AZ

NEIL R. BLYTHE,

       Defendant.

OPINION AND ORDER

Michael W. Soule, a prisoner without a lawyer, filed an amended complaint that also lists Linda L. Soule as a plaintiff.[1] ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Michael W. Soule alleges that, on March 16, 2026, Jessica Hughes stole a blue Dodge pickup truck owned by himself and Linda L. Soule. ECF 6 at 1-2. The truck was later recovered in Fort Wayne, Indiana. *Id*. at 2. According to the amended complaint, Hughes was able to steal the truck by forging Michael and Linda Soule's names on the truck's title documents. *Id*. After Hughes stole the truck, the

---

[1] The amended complaint does not indicate the address of Linda L. Soule or whether she is also incarcerated. *See* ECF 6.

front hood, grille, radiator, bumper, fenders, and paint were damaged. *Id*. A local company towed the truck to a lot in Fort Wayne, where it remained until Michael and Linda Soule were able to pay to have it released. *Id*. Hughes was charged with theft of a vehicle and forging a document. *Id*.

The amended complaint names one defendant: Prosecuting Attorney Neal R. Blythe. It demands $3,350 in monetary damages to cover the cost for the damage to the truck along with additional fees, which include the towing and truck storage costs, and the filing fee for this case. *Id*. at 4. Prosecuting Attorney Blythe is allegedly responsible for these costs because he allowed the theft and forgery charges against Hughes to be dismissed in a different and unrelated case. In allowing the charges to be dismissed, Prosecuting Attorney Blythe allegedly denied Michael and Linda Soule restitution and took it upon himself to reimburse them for their damages. *Id*. However, Prosecuting Attorney Blythe has refused to reimburse them.

As an initial matter, the amended complaint is signed only by Michael W. Soule, even though it purports to be filed on behalf of himself and Linda L. Soule. Neither Michael W. Soule nor Linda L. Soule are lawyers, and they may not represent each other. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Because of this, each plaintiff must read and sign every filing. Yet here, Linda L. Soule did not sign the amended complaint. She also did not pay the filing fee or seek leave to proceed in forma pauperis. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004).

Pursuant to Federal Rule of Civil Procedure 21, "on its own, the court may at any time, on just terms, . . . drop a party." Fed. R. Civ. P. 21. Because Linda L. Soule did not

sign the amended complaint and it is unclear whether she intended to join this lawsuit, in the interests of justice, I will dismiss her from this case.[2] If Linda L. Soule intended to file a lawsuit, she can initiate her own lawsuit by filing a signed complaint with this court.

As to Michael W. Soule's allegations, under 42 U.S.C. § 1983, he cannot sue Prosecuting Attorney Blythe. Here, Prosecuting Attorney Blythe is immune from suit because "[i]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Because the doctrine of prosecutorial immunity applies, Michael W. Soule cannot proceed against Prosecuting Attorney Blythe.

Even if Prosecuting Attorney Blythe were not immune from suit, Michael W. Soule's claim would fail. He does not have a right to have another person's alleged wrongdoing investigated or prosecuted, and he does not have a right to the benefit of any order of restitution that might have occurred due to prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney

---

[2] My review of the amended complaint indicates Michael W. Soule simply wrote in Linda L. Soule's name in the caption of the case. *See* ECF 6 at 1.

3

General."). Therefore, Michael W. Soule cannot sue Prosecuting Attorney Blythe to be reimbursed for a restitution order that did not occur due to non-prosecution.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the court:

(1) DISMISSES Linda L. Soule without prejudice pursuant to Federal Rule of Civil Procedure 21;

(2) DISMISSES Michael W. Soule's claim pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim; and

(3) DIRECTS the clerk to close the case.

SO ORDERED.

ENTERED: July 6, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4